NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| IN RE PAULSBORO DERAILMENT CASES | Master Docket No. 13-784 (RBK/KMW) <br> (Doc. Nos. 575, 600) |
| KATHLEEN A. POLLICINO, et al. <br><br>           Plaintiffs <br><br>       v. <br><br> CONSOLIDATED RAIL CORPORATION, et al. <br><br>           Defendants. | Civil No. 12-7648 (RBK/KMW) <br> (Doc. No. 72) |
| DONALD WILSON, et al. <br><br>           Plaintiffs <br><br>       v. <br><br> CONSOLIDATED RAIL CORPORATION, et al. <br><br>           Defendants. | Civil No. 12-7586 (RBK/KMW) <br> (Doc. No. 96) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

Before the Court is the motion of Defendants CSX Transportation, Inc., Norfolk Southern Railway Company, and Consolidated Rail Corporation (collectively "Defendants") to vacate the notices of dismissal made by Plaintiffs Donald Wilson, Mishon Wilson, Alvera Blanding Robinson, Juan Serey, and Nicole Williams (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 41(a)(1), (Civ. No. 13-784 ("Master Docket"), Doc. No. 575), and the cross-motion of Plaintiffs to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), (Doc. No. 600).[1] For the reasons expressed below, Defendants' motion to vacate is granted, and Plaintiffs' motion to dismiss is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 30, 2012, a train derailed as it crossed over a bridge that passes over Mantua Creek in Paulsboro, New Jersey. (Second Consolidated Class Action Amended Complaint ("SAC") ¶ 13.) Defendants owned and operated the train involved in the derailment, and also owned and maintained the bridge over Mantua Creek. (Id.) The bridge is a "swing bridge" which may be manipulated to either allow watercraft to pass through along the creek, or, conversely, to permit rail traffic to proceed over the bridge. (Id. ¶ 15.) The train crew allegedly disregarded a signal indicating that the bridge was not properly locked in place to safely accommodate rail traffic. (Id. ¶ 25.) As a result of the derailment, four tank cars fell off the bridge into Mantua Creek. (Id. ¶ 28.) At that time, at least one of the derailed tank cars was carrying vinyl chloride or other "dangerous substances." (Id. ¶ 30.) As a result, vinyl chloride was released from the railcar into both the water and the atmosphere. (Id. ¶ 30.) Shortly thereafter, the surrounding area became contaminated with airborne chemicals. (Id. ¶ 31.) Many

---

[1] Unless otherwise noted, all citations to the docket refer to the Master Docket, Civ. No. 13-784.

of those living or located in the surrounding areas were instructed to either evacuate or to "shelter in place." (Id. ¶ 39.) The initial mandatory evacuation zone encompassed a twelve-block area. (Id. ¶¶ 40, 41.) On December 4, 2012, the evacuation order was expanded to include an additional 100 homes. (Id.) Other residents outside the mandatory evacuation zone, but still deemed to be in dangerously close proximity to the accident site, were instructed to remain in their homes and seal all doors and windows until it was deemed safe to do otherwise. (Id. ¶ 42.)

Plaintiff Donald Wilson initiated a putative class action lawsuit eleven days after the derailment, asserting theories of negligence and recklessness against Defendants. (See Civ. No. 12-7586.) Other plaintiffs also filed putative class actions shortly thereafter, including Nicole Williams. (See Civ. No. 12-7648; see also Civ. Nos. 13-410, 13-721, 13-761.) These cases were later consolidated, and Plaintiffs filed a consolidated class action complaint, which was amended on June 13, 2013. (Doc. Nos. 59, 78.) In the SAC, the only named plaintiffs are Donald Wilson, individually and doing business as Don's Barbershop, and Tracy Lee. (SAC. ¶ 2.) Defendants filed a motion to dismiss certain counts of the SAC, (Doc. No. 79), which was granted in part and denied in part on October 4, 2013, (Doc. No. 172.) Defendants filed Answers to the SAC on November 8, 2013. (Doc. Nos. 242, 243, 244.) On August 20, 2014, this Court denied Plaintiffs' motion to certify class. (Doc. No. 506.)

On November 19, 2014, the following Plaintiffs filed notices of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1): Don Wilson, d/b/a/ Don's Barbershop; Juan Surey; Alvera Blanding Robinson; Mishon Wilson; Donald Wilson; and Nicole Williams (Doc. Nos. 548, 549, 550, 551, 552, 553.) The parties were administratively terminated that day. On November 6, 2014, Alvera Blanding Robinson and Nicole Williams joined the "In Re Residents' Eighth Train Derailment Complaint," filed in the Superior Court of New Jersey, Gloucester County. (Ex. A to

Def. Mtn.)  On November 26, 2014, Donald Wilson, Mishon Wilson, and Juan Serey joined the "In Re Residents' Ninth Train Derailment Complaint," filed in the Superior Court of New Jersey, Gloucester County.  (Ex. B. to Def. Mtn.)  Defendants filed the instant motion to vacate Plaintiffs' notices of voluntary dismissal on December 22, 2014.[2]  (Doc. No. 575.)  Plaintiffs filed an opposition to the motion to vacate,[3] and a cross-motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).  (Doc. No. 600.)

## II. DISCUSSION

### A. Dismissal Under Rule 41(a)(1)

Under Rule 41, a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves an answer or files a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  If the defendant has filed an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Plaintiffs' notices of voluntary dismissal were improper as they failed to comply with the requirements of Fed. R. Civ. P. 41(a)(1).  Once the Defendants answered Plaintiffs' SAC on November 8, 2013, Rule 41(a)(2) then required that Plaintiffs file a motion and seek court approval to voluntarily dismiss their claims.  Plaintiffs argue that, with the exception of Donald Wilson, because the individuals that have sought to voluntarily dismiss their claims were not named as plaintiffs in the SAC, Defendants never served an answer as to them.[4]  As such, Plaintiffs contend that they submitted their notices of dismissal before an answer or motion for

---

[2] Defendants do not seek to vacate the voluntary dismissal of Plaintiff Don Wilson, d/b/a/ Don's Barbershop.

[3] Although Plaintiff Donald Wilson filed a notice of voluntary dismissal on November 19, 2014, (Doc. No. 552), he only seeks dismissal pursuant to Fed. R. Civ. P. 41(a)(2). (Pl. Br. 1 n.1.)

[4]  See Note 3, supra.

4

summary judgment was filed, in compliance with Rule 41(a)(1). However, Plaintiffs' Complaints were consolidated in the SAC, and therefore, this Court finds that Defendants' Answers are applicable to all Plaintiffs involved in the present matter, regardless of whether they were named as class representatives.[5]

### B. Dismissal Under Rule 41(a)(2)

Whether a Rule 41(a)(2) dismissal should be granted is within the sound discretion of the court. Quality Improvement Consultants, Inc. v. Williams, 129 Fed. App'x 719, 722 (3d Cir. 2005) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)). "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant." Sporn v. Ocean Colony Condo. Ass'n, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (internal quotation marks omitted). Courts in this district have considered a variety of factors when ruling on a motion to voluntarily dismiss under Rule 41, including, "(1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." Assadourian v. Harb, No. 06–896, 2009 WL 2424704, at *2 (D.N.J. Aug. 6, 2009) (citing Sporn, 173 F. Supp. 2d at 255). Additionally, Rule 41 motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990); see also Environ Prods., Inc. v. Total Containment, Inc., No. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) ("Plain legal

---

[5] The Court notes that, in consolidating the Paulsboro cases, the docket has not been a model of clarity. For example, Plaintiffs' notices of dismissal appear only on the Master Docket, and not on the individual case dockets. Likewise, the attorneys' actions have been somewhat sloppy. For example, in the SAC, Plaintiff Nicole Williams's case, Civ. No. 12-7648, is not listed in the caption. However, Nicole Williams joined the motion to certify class, (Civ. No. 12-7648, Doc. No. 39), and has been treated as a consolidated party by this Court. (See Opinion denying class certification, Doc. No. 506.) Though admittedly confusing and cumbersome to make sense of the dockets, the Court nonetheless must rely upon the actual documents that have been filed, and not their labels, to make its determination.

prejudice simply does not result … when plaintiff may gain some tactical advantage by a voluntary dismissal.") (citing In Re Paoli, 916 F.2d at 863).

In this case, several factors weigh in favor of granting Plaintiffs' motion to dismiss without prejudice pursuant to Rule 41. First, the expense of a second litigation would not be excessive or duplicative. Plaintiffs are a mere five individuals identified among hundreds of other Paulsboro residents currently being represented by the same counsel, and prosecuting the same claims in state court. Defendants will not be prejudiced by defending against these Plaintiffs in a second lawsuit, because they are already defending nearly identical claims in state court, whether Plaintiffs join or not. Plus, Plaintiffs make claims for personal injuries in their state court complaints, whereas the federal litigation involving these Plaintiffs allege only economic damages. Presumably, then, no discovery has taken place with respect to the alleged personal injuries of these Plaintiffs, and therefore a second litigation cannot be duplicative.

Despite the litany of efforts Defendants claim they carried out in preparation for this case, it appears that the vast majority of those actions were undertaken in response to the class allegations, and not the claims of the individual Plaintiffs. Defendants presumably made significant efforts and incurred significant expenses in filing their motion to dismiss the SAC, answering the SAC, and briefing the motion for class certification; however, as Plaintiffs point out, none of the Plaintiffs except for Donald Wilson were named in the SAC, and thus the Court has no reason to believe that Defendants' efforts were not limited to addressing the class allegations.[6] Nor will the work undertaken by Defendants responding to Plaintiffs' economic loss claims be wasted, as other plaintiffs remain with similar claims in federal court.

---

[6] Even regarding Donald Wilson, Defendants have not shown that the discovery conducted was not limited to his role as a class representative, and thus the Court may conclude that Defendants have likewise made little effort responding to Donald Wilson's individual claims.

6

Furthermore, though Plaintiffs' initial Complaints were filed in 2012, these consolidated cases have not progressed to a point that would prevent this court from granting the dismissals Plaintiffs seek. Discovery has just barely closed and was still ongoing at the time that these motions were filed, and the deadline for dispositive motions has not yet come.[7] See Amended Scheduling Order, Doc. No. 545. This is not a case in which dismissal is sought on the eve of trial. See Ferguson, 492 F.2d at 28. In addition, Plaintiffs did not lack diligence in filing their motion to dismiss. This Court denied class certification on August 20, 2014, and Plaintiffs filed their notices of dismissal just three months later. Plaintiffs are placed in an unusual situation in this case. Plaintiffs are unnamed parties in a complaint that sought and was denied class certification, but these individuals still wish to have their claims litigated, and are choosing to do so in state court. The Court does not find that any delay was prejudicial to Defendants.

Defendants contend that Plaintiffs filed their notices of dismissal in order to avoid litigation in this Court after the "adverse ruling" denying class certification. Def. Br. 5-6. This Court will not grant a motion for voluntary dismissal made solely in order to avoid an unfavorable ruling; however, where plaintiffs have a legitimate reason for dismissal and have shown that a dismissal would not result in prejudice to defendants, the court may grant the voluntary dismissal nonetheless. See In re Brand Name Prescription Drugs Antitrust Litig., Nos. 94C897, MDL 997, 1995 WL 495937, at *2 (M.D. Ala. Aug. 17, 1995). Even assuming that the denial of class certification was an "adverse ruling," as discussed above, Plaintiffs have

---

[7] Although Defendants have since filed a motion for partial summary judgment, there is no indication that this motion was contemplated by Plaintiffs in their decision to file their motion to dismiss, nor has there been any indication by this Court as to how it may rule on the pending motion. See DuToit v. Strategic Minerals Corp., 136 F.R.D. 82, 85-86 (D. Del. 1991) ("[A] plaintiff's purported desire to avoid a potential adverse determination does not warrant denial of voluntary dismissal unless the plaintiff's motion follows an indication by the court that it intends to rule against the plaintiff on the pending motion.")

suggested a legitimate reason for dismissal and the Court does not find that substantial prejudice to Defendants would result from the dismissal of Plaintiffs' claims.[8]

### III. CONCLUSION

For the reasons expressed above, Defendants' motion to vacate Plaintiffs' notices of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) is GRANTED. Plaintiffs' cross-motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED. Plaintiffs' claims will be DISMISSED WITHOUT PREJUDICE. An appropriate Order shall issue.

Dated: 3/13/2015         s/ Robert B. Kugler
                         ROBERT B. KUGLER
                         United States District Judge

---

[8] See also note 7, supra.